```
                                    ✓ FILED      ___ LODGED
                                    ___ RECEIVED ___ COPY

                                       FEB 1 1 2008

                                    CLERK U S DISTRICT COURT
                                      DISTRICT OF ARIZONA
                                    BY_____ DEPUTY
```

Diane J. Humetewa
United States Attorney
District of Arizona

MARK BRNOVICH
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Arizona State Bar No. 20483
Telephone (602) 514-7500

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR-07-01211-001-PHX-DKD |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| Randall J. Veit, | |
| Defendant. | |

Plaintiff, United States of America, and defendant, Randall J. Veit, hereby agree to the following disposition of this matter:

### PLEA

Defendant will plead guilty to Count 2 of the Complaint charging defendant with unlawfully gifting a migratory game bird, to wit: one (1) American Wigeon (Anas americana), a violation of the Migratory Bird Treaty Act, Title 16, U.S.C., §§ 703 and 707(a); and 50 C.F.R., 20.40, a Class B misdemeanor offense.

### TERMS

Defendant understands that the guilty plea is conditioned upon the following terms, stipulations, and requirements:

1. **MAXIMUM PENALTIES**

   a.   A violation of Title 16, U.S.C., §§ 703 and 707(a), is punishable by a maximum fine of $15,000.00, a maximum term of imprisonment of 6 months, or both.

b. Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on the defendant of $10.00. The special assessment is due at the time the defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

**2. AGREEMENTS REGARDING SENTENCING**

a. <u>Stipulated Sentences</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant shall pay a $5000.00 fine.

b. The defendant will be placed on unsupervised probation for a period of 3 years. During the period of probation, the defendant agrees not to participate as a guide in any hunting, trapping or fishing in Arizona or on any federal lands. The defendant will not solicit nor provide any hunting or guide services during the term of his probation.

c. If the court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement, giving defendant, in accordance with Fed. R. Crim. P. 11(c)(5), an opportunity to withdraw the guilty plea.

**3. AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a. Pursuant to Fed. R. Crim. P. 11(c)(1)(A), in exchange for defendant's guilty plea to Count 2 of the Complaint and at the time of sentencing, the United States will move to dismiss Counts 1 and 3-8 of the Complaint.

**4. WAIVER OF DEFENSES AND APPEAL RIGHTS**

a. Defendant hereby waives any right to raise on appeal or collaterally attack any matter pertaining to this prosecution and sentence if the sentence imposed is consistent with the terms of this agreement.

//

5. **PERJURY AND OTHER FALSE STATEMENT OFFENSES OR OTHER OFFENSES**

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement. Any information, statements, documents, and evidence which defendant provides to the United States pursuant to this agreement may be used against the defendant in all such prosecutions.

6. **REINSTITUTION OF PROSECUTION**

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial or proceeding as permitted by Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

**FACTUAL BASIS**

I further agree that if this matter were to proceed to trial the United States could prove the following elements beyond a reasonable doubt:

On November 3, 2006, along the Gila River in the District of Arizona, I acted as a bird guide for hunters. I was paid $500 for my services. During the hunt, I harvested an American Wigeon. I gave the American Wigeon to Special Agent Curtis Bryant. The bird was not tagged as required by 50 C.F.R. § 20.36 and I gifted the bird in violation of 50 C.F.R. § 20.40.

I understand that I will have to swear under oath to the accuracy of this statement, and if I should be called upon to testify about this matter in the future, any intentional material

3

inconsistencies in my testimony may subject me to additional penalties of perjury or false swearing which may be enforced by the United States under this agreement.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by the court, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney).

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or

//

//

4

depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

2/11/08
Date

Randall J. Veit
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

2-11-08
Date

Jess A. Lorona
Attorney for Defendant

5

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

Diane J. Humetewa
United States Attorney
District of Arizona

2-11-08
Date

MARK BRNOVICH
Assistant U.S. Attorney

## COURT'S ACCEPTANCE

2-11-08
Date

DAVID K. DUNCAN
United States Magistrate Judge

6